ADNAH McMURTRIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19740. Promulgated November 7, 1927.

A dividend payable on December 31, 1923, but not received until January 2, 1924, is 1924 income to stockholder making an income-tax return upon a cash receipts and disbursements basis.

*Adnah McMurtrie* pro se.
*W. F. Gibbs, Esq.,* for the respondent.

In this proceeding a redetermination is sought of a deficiency in income taxes for the year 1923 in the amount of $126.94.

It is alleged that the respondent erred in including in 1923 taxable income a dividend declared by a corporation, of which the petitioner was a stockholder, on December 22, 1923, and payable December 31, 1923, for which checks of the corporation were mailed to the petitioner on December 31, 1923, and received by him on January 2, 1924. The appeal is submitted upon a stipulation of facts.

### FINDINGS OF FACT.

The petitioner is an individual with offices at 63 Vesey Street, New York, N. Y. During the year 1923 the petitioner was a stockholder in the Thomas & Betts Co., a corporation having offices at 36 Butler Street, Elizabeth, N. J., and was such a stockholder on December 31, 1923.

At a meeting of the board of directors of said corporation held at 2 p. m., December 22, 1923, the following resolutions were adopted:

On motion duly made, seconded and unanimously carried it was RESOLVED that a dividend of $7.00 a share be paid at 5 o'clock P. M., December 31, 1923, to the holders of record at that time of the First Preferred Stock of the Company,

On motion duly made, seconded and unanimously carried it was RESOLVED that a dividend of $7.00 a share be paid at 5 o'clock P. M. December 31, 1923, to the holders of record at that time of the Second Preferred Stock of the Company.

On motion duly made, seconded and unanimously carried it was RESOLVED that a dividend of $6.00 a share be paid at 5 o'clock P. M. December 31, 1923, to the holders of record at that time of the Common Stock of the Company.

Pursuant to said resolutions the petitioner became entitled to receive dividends as a stockholder in said corporation in the amount of $3,124. The check, or checks, in payment of said dividend were mailed to the petitioner on December 31, 1923, after the hour of 5 p. m., and were received by the petitioner on January 2, 1924.

Said checks were orders to the corporation's bank of deposit to pay to the petitioner or his order upon presentation of the checks the amounts specified, but having been issued after banking hours December 31, 1923, they could not be presented at the bank until January 2, 1924. The corporation did not have sufficient cash on hand at its office at or after 5 p. m., December 31, 1923, to redeem any one of said dividend checks, and had the petitioner called at the office of the corporation, demanded, received, and endorsed said checks and asked for cash, he could not have obtained it.

The petitioner duly filed an income-tax return for the year 1923 upon a cash receipts and disbursements basis, in which said dividend of $3,124 was not reported as income. The respondent determined the said dividend payable on December 31, 1923, was unqualifiedly made subject to the petitioner's demand on that date and was, therefore, income for the year 1923.

It is stipulated that the appeal is submitted upon the pleadings and stipulation filed and that the sole question for decision is whether or not said dividend of $3,124 is income to petitioner for the year 1923 or 1924.

It is further stipulated that if said dividend is taxable income for the year 1923, the deficiency in tax for that year is $126.94, and that if said dividend is not taxable income for the year 1923 there is no deficiency.

OPINION.

VAN FOSSAN: The facts in this case bring it squarely within the holding of the Board in *Robert W. Bingham* v. *Commissioner*, 8 B. T. A. 603, promulgated October 8, 1927. Following the reasoning of that decision it is held that the dividend was not income until actually received on January 2, 1924. Under the terms of the stipulation of the parties there is no deficiency.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*